UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED F. EL-HEWIE, | Civ. No. 13-5820 (KM) |
| Plaintiff, | OPINION |
| v. | |
| PATERSON PUBLIC SCHOOL DISTRICT, *et al.* | |
| Defendants. | |

## MCNULTY, D.J.

Plaintiff Mohamed F. El-Hewie, appearing pro se, brings this action alleging that some two dozen known defendants violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a); the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the equal-access protections contained in 42 U.S.C. § 1981. This suit concerns a series of terminations of employment and denials of applications for employment.

Now before the Court are two motions to dismiss the Complaint, brought by: (a) Defendant Commissioner of Education of the State of New Jersey ("Commissioner" or "Commissioner of Education"); and (b) Defendant Bergen County Vocational School District, and individual defendants affiliated with it—Robert J. Aloia, Thomas Klein, Richard Panicucci, Patricia T. Cosgrove, Russell Davis, Dennis Montone, Joseph Holbrook, Linda Eickmeyer and Linda Theos. (For convenience, "Bergen Vocational" or the "Bergen Vocational Defendants.") For the reasons expressed below, the Complaint will be dismissed in its entirety as to the moving defendants.

### Factual Background

I glean this factual summary from El-Hewie's complaint and the documents attached to it.[1] I take judicial notice of other actions brought by this plaintiff, and of facts found by the Superior Court of New Jersey in a previous

---

[1] The Complaint cross-references approximately 100 pages of attachments, affidavits, emails, news stories, and other matters. In general I have construed the Complaint and attachments together, as that seems to be Plaintiff's intent.

1

litigation involving some of the same parties, insofar as they are relevant to defenses such as res judicata.

*Bergen Vocational*

In November 2005, Bergen Vocational employed El-Hewie as a provisional teacher at Bergen County Academy. (Pltf's Equal Employment Opportunity Commission (EEOC) Charge Concerning Paterson at A.2, attached to Complaint (ECF No. 1-1, p. 15)). The Complaint essentially alleges that the Bergen Vocational Defendants "engaged in 20 years of deception and corruption entailing cheating Plaintiff of completing the Provisional Teacher Program." (ECF 1-1 at ¶¶22-24)

From other litigation, I note the following. El-Hewie held advanced degrees in engineering, but lacked teaching experience. He simultaneously registered for the State of New Jersey's Alternate Route Program (ARP), with the goal of obtaining a teaching certificate. (Opinion of Appellate Division in *El-Hewie v. Board of Educ. Voc. Sch. Dist.*, 2009 N.J. Super. Unpub. LEXIS 3116, *2-3 (App. Div. Dec. 24, 2009)). El-Hewie's employment was governed by a ten-month non-tenured contract stating that either party could terminate the agreement upon sixty days' notice. (*Id.*) El-Hewie taught two calculus classes and three statistics classes. (*Id.*)

Within a few weeks of hiring El-Hewie, Bergen Vocational received extensive complaints regarding his teaching aptitude and methods. In December 2005, he was observed by the district supervisor, and he then received mentorship support from an experienced teacher. (*Id.* at *3-5). By February 2006, Bergen Vocational decided to part ways with El-Hewie, and began a process of reassigning his classes to other teachers. This discharge resulted in his discharge from the ARP as well. (*Id.*).

*Ridgewood*

After losing his provisional teaching job at Bergen County Academy, El-Hewie began applying for positions offered by defendant Ridgewood Board of Education ("Ridgewood"). (Complaint at ¶¶ 1, 15).

El-Hewie applied five times for jobs with Ridgewood. He initially received no response. He then "warned [the manager of human resources of] his violation of the state and federal laws against discrimination," and received an interview in 2012. The interview did not result in an offer. (*Id.* at ¶¶ 1-4). El-Hewie alleges that he fell victim to an "institution of racial discrimination in Ridgewood Public Schools," which was "masterminded" by the manager of human resources (named as a party here), who allegedly conspired with the Mayor of the Village of Ridgewood, the Superintendent of Ridgewood, and the Principal of Ridgewood's High School (all named as parties) to exclude

2

Christians and Muslims from employment and to promote a "racial biased Zionist culture of 'Chosen People of God.'" (*Id.* at ¶¶ 10-14).

El-Hewie was also employed for a time as a substitute teacher in Ridgewood. In his EEOC Charge Against Ridgewood, El-Hewie states that he worked in Ridgewood as a substitute teacher beginning in November 2007. It appears that Ridgewood terminated him in early 2013. (Pltf's EEOC Charge Concerning Ridgewood at ¶¶ 1, (L), attached to Complaint (ECF No. 1-1, pp. 50, 70)).

*Paterson*

El-Hewie was for a time employed by Paterson as a substitute teacher. His complaint gives no starting date, but the attached EEOC charge indicates that it occurred sometime after his challenge to his termination by Bergen Vocational. (Pltf's EEOC Charge Concerning Paterson at ¶ A.1 (ECF No. 1-1, p. 17). El-Hewie alleges that Paterson terminated him in December 2012. (Complaint ¶ 19). I assume for purposes of this motion that he was employed by Paterson as a substitute teacher, perhaps for a period of years. (*Id.* at D.6).

El-Hewie also alleges that he also applied for ten jobs in Paterson and received at least two interviews, but was not hired. I take this to refer to full-time positions, as opposed to the substitute teacher position described in the preceding paragraph. The Complaint alleges that "outsiders with less experience and education" obtained at least two of the positions that El-Hewie sought. (*Id.* at ¶¶ 15-20). El-Hewie does not allege that these denials of his applications for employment were discriminatory. (*See id.*; *see also* Affidavit No. 1, exhibit thereto (El-Hewie's EEOC Charge Against Paterson)).

*Allegations regarding the Commissioner of Education*

Finally, El-Hewie alleges that defendant Commissioner of Education of the State of New Jersey "never bothered to rectify" the defendants' "pervasive violation of law; was aware that "plaintiff was cheated" and of "pervasive corruptions in local boards of education"; "disregarded the 20 years of corruption in Bergen [Vocational]...and the twenty years of worse corruption in Paterson []...which left this Plaintiff to suffer from pervasive injustice in employment." (Complaint at ¶¶ 25-27).

**Prior Actions**

El-Hewie has already litigated against the Bergen Vocational Defendants. After his employment ended, he commenced an administrative action and received a hearing before New Jersey Administrative Law Judge Margaret M. Monaco. (*See* Opinion of Appellate Division, 2009 N.J. Super. Unpub. LEXIS 3116 at *1). This culminated in a February 27, 2008 decision, subsequently

3

adopted by the Commissioner of Education, that El-Hewie was lawfully terminated and that he failed to prove any claim of discrimination. (*Id.*).

El-Hewie appealed that administrative determination to the New Jersey Superior Court, Appellate Division, continuing to claim that his discharge was without cause and racially motivated. He also specifically claimed that the mentorship and training offered by Bergen Vocational was insufficient and fell short of ARP requirements. (*Id.* at *6-7). The Appellate Division affirmed the administrative determination in a substantial written opinion finding that a) Bergen Vocational provided "extensive assistance and mentoring," such that "the failure to strictly comply with statutory procedures does not require petitioner's reinstatement, and b) "the ALJ properly found that [El-Hewie] failed to sustain his burden under the burden-shifting framework applicable to discrimination claims." (*Id.* at *15-20). The New Jersey Supreme Court denied certification. 201 N.J. 497 (2010).

While his appeal in state court was still pending, El-Hewie also initiated an action against the Bergen Vocational Defendants in this federal district court. (Civ. No. 08-1769; *see* Opinion of Court of Appeals for the Third Circuit, 392 F. App'x 37 (2010) (reciting procedural history)). That federal court action raised essentially the same claims that are raised in this action, concerning his termination as a provisional teacher. (*Id.*). District Judge Faith S. Hochberg granted the Bergen Vocational Defendants' motion to dismiss the case. (*Id.*). El-Hewie appealed. The Court of Appeals for the Third Circuit initially affirmed Judge Hochberg's order only in part, remanding for further consideration of the preclusive effect of the state ALJ's decision. Judge Hochberg again dismissed the remaining claims, finding that the New Jersey courts would give preclusive effect to the ALJ's determination. (*Id.*). El-Hewie again appealed, and during the pendency of that appeal the Appellate Division affirmed the ALJ, as described *supra*. The Third Circuit affirmed, concluding that the federal action was barred by the doctrine of res judicata. (*Id.*).

El-Hewie has filed additional actions in this Court. While his appeal of Judge Hochberg's decision was pending, he filed a similar complaint, which District Judge Mary L. Cooper dismissed finding, *inter alia*, res judicata. The Third Circuit affirmed. (*See* Second Opinion of Court of Appeals for the Third Circuit, 396 Fed. Appx. 847 (2010)). He also filed two separate complaints against the State of New Jersey and the Supreme Court of New Jersey concerning the same subject matter, both of which were dismissed. (*See* Opinions of Judge Mary L. Cooper (2011 WL 1899278 (May 19, 2011); 2011 WL 1899298 (May 19, 2011))).

**Pending Motions**

Defendant Commissioner of Education of the State of New Jersey has moved to dismiss El-Hewie's complaint for failure to state a claim under

4

Federal Rule of Civil Procedure 12(b)(6). The Bergen Vocational Defendants have collectively moved to dismiss El-Hewie's complaint pursuant to Rule 12(b)(6).[2]

El-Hewie has not filed any papers in opposition to these motions to dismiss. I do not, however, simply grant the motions as unopposed, but analyze them under the standards of Federal Rules 12(b)(1) and 12(b)(6).

The issues, in broad strokes, are (a) whether El-Hewie's claims against the movants are precluded by judgments in prior litigations, and (b) whether the Complaint plausibly alleges facts that would support the asserted causes of action. Those causes of action are employment discrimination in violation of Title VII and the ADEA, handicap discrimination in violation of the Rehabilitation Act, and violation of the equal-access guarantees contained in 42 U.S.C. § 1981.

For the reasons set forth below, I will grant these motions to dismiss the Complaint. El-Hewie has not adequately pleaded a potential violation of any of the above mentioned laws. I grant the Bergen Vocational defendants' motion on the additional ground that this action, as to them, is precluded by res judicata and the *Rooker-Feldman* doctrine.

## LEGAL STANDARDS AND DISCUSSION

### A. <u>Rule 12(b)(1) and Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(1) provides for a motion to dismiss a complaint for lack of subject matter jurisdiction, which may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A motion to dismiss on the basis of Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003)(citing *Mortensen*, 549 F.2d at 891). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction, *Iwanowa*, 67 F. Supp. 2d at 438; *Lennox Underground Found., Inc. v. Geron*, 2013 U.S. Dist. LEXIS 22879, *6-8 (D.N.J. Feb. 20, 2013)(reviewing factual allegations to determine, on 12(b)(1) motion, whether to exercise

---

2   The *Rooker-Feldman* doctrine concerns the district courts' lack of subject matter jurisdiction over complaints seeking "review and rejection" of a state court judgment. *Id.* at 291-92. Accordingly, the Bergen Vocational Defendants should have asserted it under Rule 12(b)(1), rather than 12(b)(6). *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Res judicata, on the other hand, is not a matter of subject matter jurisdiction, but an affirmative defense. *See id.* at 293 (citing Fed. R. Civ. P. 8(c)).

5

supplemental jurisdiction), or that there is a legal bar to the court's hearing the case, *see Frame v. Lowe*, 2010 U.S. Dist. LEXIS 10494, *13-16, 39 (D.N.J. Feb. 8, 2010)(citing *Exxon Mobil*, 544 U.S. at 284 and granting 12(b)(1) motion based on *Rooker-Feldman* doctrine). Upon review of a facial challenge, the Court views the complaint in the light most favorable to Plaintiffs. *Bennett*, 288 F. Supp. 2d at 678; *Mortensen*, 549 F.2d at 891.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (well-established "reasonable inferences" principle is not undermined by subsequent Supreme Court case law). Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. **The Commissioner of Education's Motion**

#### 1. **Title VII and ADEA Claims (Rule 12(b)(6))**

Title VII of the Civil Rights Act of 1964 prohibits, among other things, discrimination based on race, color, religion, sex, or national origin in any employer's hiring, and also prohibits segregation and discrimination in the workplace. 42 U.S.C. § 2000e-2(a) et seq.; *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013). It applies only in the context of employment or prospective employment. *Id.* ("In order to state a Title

6

VII claim, [Plaintiff] must allege an employment relationship with the defendants.").

The ADEA likewise applies in the employment context. ADEA makes it unlawful for an employer to fire or refuse to hire someone on the basis of his or her age. 29 U.S.C. § 623(a).

Plaintiff does not allege that he sought employment from the Commissioner of Education. He does not allege that the Commissioner was his employer or prospective employer. (*See* Complaint at ¶¶ 25-27). For this reason, he fails to state either a Title VII claim or an ADEA claim against the Commissioner of Education.

In addition, and in the alternative, these claims will be dismissed because El-Hewie does not allege that the Commissioner took any adverse, discriminatory action against him. (*See id.*). To some extent El-Hewie seems to hold the Commissioner responsible for inaction in the face of the alleged adverse actions taken by the Bergen Vocational District and the Paterson Board of Education (the "pervasive injustice in employment"). But El-Hewie's separate allegations against Bergen Vocational and Paterson are similarly devoid of any actionable allegation of discrimination. (*See id.* at ¶¶ 15-24). The Bergen allegations are discussed at Part C, *infra*. As for Paterson, El-Hewie alleges merely that he applied to and was rejected from several positions, and that he lost his substitute teaching position. (*See id.* at ¶¶ 15-21). As to potential discrimination, however, the Complaint speaks in sweeping generalities, without any specific facts from which discrimination could be inferred. Even El-Hewie's EEOC charge against Paterson, attached to his Complaint as an exhibit, does not allege that discrimination motivated these actions. (*See id.* at Affidavit No. 1, attachment thereto).

Accordingly, even granting an exceptionally liberal reading of El-Hewie's Complaint and attached materials, drawing every inference in his favor, I cannot extract from these materials a plausible, factually based claim for relief under Title VII or the ADEA. See *Iqbal*, 556 U.S. at 679.

### 2. Rehabilitation Act Claim (Rule 12(b)(6))

"The Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., is applicable only to federal employers and employers who receive federal funding....The Rehabilitation Act forbids employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement." *Shiring v. Runyon*, 90 F.3d 827, 830-831 (3d Cir. 1996). The essential element of a claim under the Rehabilitation Act is an allegation that the plaintiff is disabled. *See id.* at 831. El-Hewie's Complaint makes no such allegation, and the facts do not suggest one. Nor does he allege that the Commissioner of Education is an employer or that the Commissioner receives federal funding. (*See* Complaint at

7

¶¶ 25-27). And, as already stated, El-Hewie does not allege that he was employed or sought employment by the Commissioner, or that the Commissioner took any adverse action at all, let alone adverse action on the basis of a disability. (*See id.*).

Accordingly, I cannot discern any plausible pleaded basis for relief under the Rehabilitation Act. *See Iqbal*, 556 U.S. at 679.

### 3. Section 1981 Claim (Rule 12(b)(6))

"In order to state a claim under § 1981, a plaintiff 'must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . .'" *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). The statute guarantees equal rights to "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981. Plaintiff does not allege that he is a member of a protected minority group; that the Commissioner intentionally discriminated against him; or that he suffered any interference with his right to contract, sue, or carry on any other protected act. (*See* Complaint at ¶¶ 25-27).

Again, therefore, I cannot discern a plausible factual basis for a claim of relief under Section 1981.

### 4. Res Judicata (Claim Preclusion)

Because I find that the Complaint does not state a claim against the Commissioner of Education, I need not reach the asserted defense of res judicata. Nevertheless, I discuss it for the sake of completeness. The Commissioner contends that El-Hewie's prior litigation against the Bergen Vocational defendants precludes his claims against the Commissioner here. As described in detail above, El-Hewie brought an administrative challenge to his termination from Bergen Vocational, which was denied, and then appealed to the New Jersey Superior Court, Appellate Division, which affirmed that denial.

In assessing whether a state court judgment precludes a federal court action, the federal court applies the state's res judicata law. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-381 (1985). New Jersey's version of res judicata requires that "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *McNeil v. Legislative Apportionment Comm'n*,

177 N.J. 364, 395 (2003) (quoting *Watkins v. Resorts Int'l Hotel & Casino*, Inc., 124 N.J. 398, 412 (1991). Further, "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (quoting same); *see also Murray v. Crystex Composites LLC*, 618 F. Supp. 2d 352, 358 (D.N.J. 2009) (applying New Jersey's "entire controversy" doctrine).

As regards the Commissioner, the application of the affirmative defense of res judicata is somewhat murky, and perhaps not suitable for resolution on a Rule 12(b)(6) motion. Consider, for example, the identity of parties. El-Hewie's state proceedings were brought primarily against the Bergen Vocational Defendants. Technically, he appealed a final decision of the Commissioner (after referral to the Office of Administrative Law for a hearing). That is not quite the same thing as El-Hewie's having previously filed a lawsuit against the Commissioner. It is also unclear whether, in that appeal from an administrative determination, El-Hewie could have asserted his claim that the Commissioner wrongfully countenanced corruption in Bergen Vocational. At any rate, it appears that his current allegations (the Commissioner's generalized neglect of "corruption") may not involve precisely the "transaction or occurrence" asserted in the administrative and state court proceedings (employment discrimination by Bergen Vocational).

In sum, then, while I do not find that res judicata would bar (or wholly bar) El-Hewie's claims against the Commissioner, I do find that El-Hewie's Complaint and the materials attached to it fail to establish any plausible entitlement to relief under the proffered legal theories. The motion to dismiss the Complaint under Rule 12(b)(6) is therefore granted as to the Commissioner of Education.

### C. **Bergen Vocational Defendants' Motion**

#### 1. Jurisdiction (*Rooker-Feldman*)

The Bergen Vocational Defendants assert that this Court lacks jurisdiction to hear this case, citing the *Rooker-Feldman* doctrine.[3] That doctrine precludes the federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In short, this district court is not a court of appeal from judgments of the state courts:

> Section 1257 of Title 28 of the United States Code bestows upon the Supreme Court of the United States appellate jurisdiction to

---

[3]   This is a reference to the Supreme Court cases of *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (U.S.) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

9

review final judgments of the highest courts of the respective states. The so-called *Rooker-Feldman* doctrine teaches that, by negative implication, the inferior federal courts lack subject matter jurisdiction to review judgments of those courts. We have interpreted the doctrine to encompass final decisions of lower state courts as well.

*E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997).

In his prayer for relief (*see* Complaint at p. 11), El-Hewie seeks reversal of the 2009 decision of the New Jersey Superior Court, Appellate Division, which upheld his discharge as being legally justified and free of any discriminatory purpose. *See* pp. 3-4, *supra*. El-Hewie, on the losing end of a final state court judgment that preceded this action, invites this Court to review and reverse that adverse judgment—precisely what the *Rooker-Feldman* doctrine forbids. Thus, insofar as El-Hewie seeks review or reversal of the New Jersey court's decision, this Court lacks subject matter jurisdiction.

### 2. Res Judicata

The Bergen Vocational Defendants also make what amounts to a claim preclusion, or res judicata, argument. Under well-established principles, this Court cannot relitigate matters that were asserted, or could have been asserted, in El-Hewie's prior litigation(s) against the Bergen Vocational Defendants. The elements of claim preclusion, stated in more detail above at pp. 8-9, are (1) prior judgment on the merits; (2) identity of parties; (3) same transaction or occurrence.

Clearly, upon review of the prior state court action, I must find that the the parties are identical, and the prior judgment final. The nub of El-Hewie's allegations against the Bergen Vocational Defendants is that their wrongful termination of El-Hewie "cheat[ed] Plaintiff of completing the Provisional Teacher Program." This is the very "transaction or occurrence" that underlay the ALJ's decision and New Jersey state court judgment. All of El Hewie's claims concerning the Bergen Vocational Defendants in the pending Complaint (i.e. that he suffered harm as a result of 20 years of corruption or deception, that the state helped them 'cover up' this corruption, and that Bergen concealed facts from the ALJ) either were or could have been raised in the state proceedings challenging his termination. (*See* Complaint at ¶¶ at 22-24; Opinion of Appellate Division in *El-Hewie v. Board of Educ. Voc. Sch. Dist.*, 2009 N.J. Super. Unpub. LEXIS 3116, *2-3 (App. Div. Dec. 24, 2009)). El-Hewie is trying to relitigate the same transaction or occurrence that he already litigated in state court, against the same defendants, to a final judgment on the merits.

Indeed, this is not even El-Hewie's first attempt to *re*-litigate the matter. *See supra* at 4. Following the state court litigation, El-Hewie brought a federal

10

action against the same defendants, asserting the same claims, in this district court. That litigation ended upon the Third Circuit's holding that the res judicata "elements [of *McNeil*] are satisfied by the facts of this case." *See El-Hewie v. Bergen County et al.*, 392 F. App'x 37 (3d Cir. 2010).[4]

The claims against Bergen Vocational are precluded by the doctrine of res judicata.

### 3. Failure to State A Plausible Claim (Rule 12(b)(6))

Out of caution, I consider Bergen Vocational's argument that, even if the Court had jurisdiction, and even if res judicata did not apply, the Court would be compelled to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. I agree, and would dismiss the Complaint on this alternative basis.

El-Hewie has not made out a Title VII or an ADEA claim against Bergen Vocational. (*See* discussion at Part B.1, *supra*.) He does not allege that Bergen Vocational itself or the individual Defendants affiliated with Bergen Vocational took any adverse action on the basis of discrimination. It alleges that the Board and its employees "have engaged in 20 years of deception and corruption entailing cheating Plaintiff of completing the provisional teacher program." It also generally alleges a cover-up, as well as concealment of facts from the ALJ and the Appellate Division. (Complaint at ¶¶ at 22-24). These are generalities, not facts, and they do not meet the pleading standards of, *e.g.*, *Iqbal, supra.*

El-Hewie has not made out a Rehabilitation Act claim, in that he does not allege that he was disabled at the time he was employed by Bergen. (*See id.*; *see also* discussion at Part B.2, *supra.*)).

Also under the law set forth above, El-Hewie has not made out a Section 1981 claim, in that he does not allege facts tending to demonstrate intentional discrimination. Nor does he factually allege, for example, any denial of his right to contract, sue, or carry on any other protected act. (*See id.*; *see also* discussion at Part B.3, *supra.*))).

Thus, I find no facts in El-Hewie's Complaint, construed liberally with every inference in his favor, that would plausibly give rise to a claim for relief from the Bergen Vocational Defendants under any of the asserted legal theories. *See Iqbal*, 556 U.S. at 679.

---

[4] El-Hewie attempted to litigate related claims against other defendants, such as the State of New Jersey and then-governor Corzine. These attempts also resulted in dismissals, based in part on res judicata. (See Opinions of Judge Mary L. Cooper (2009 WL 1810513 (June 29, 2009); 2011 WL 1899278 (May 19, 2011); 2011 WL 1899298 (May 19, 2011))).

11

As to the Bergen Vocational defendants, then, I grant the motion to dismiss the Complaint on jurisdictional grounds, pursuant to Fed. R. Civ. P. 12(b)(1), as well as res judicata, and in the alternative grant the motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendant Commissioner of Education's Motion to Dismiss is **GRANTED IN PART** on Fed. R. Civ. P. 12(b)(6) grounds, and **DENIED IN PART** to the extent it seeks relief dismissal based on Fed. R. Civ. P. 12(b)(1) or the doctrine of res judicata, and the Bergen Vocational Defendants' Motion to Dismiss is **GRANTED.** The Complaint is **DISMISSED** in its entirety as to all moving defendants. An appropriate order follows.

_____
KEVIN MCNULTY
United States District Judge

Date: March 24, 2014