UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED F. EL-HEWIE,<br><br>                Plaintiff,<br><br>v.<br><br>PATERSON PUBLIC SCHOOL DISTRICT, et al.,<br><br>                Defendants. | Civ. No. 13-5820 (KM)<br><br>OPINION |

## MCNULTY, U.S.D.J.,

Plaintiff Mohamed F. El-Hewie, appearing pro se, brought this action following a series of terminations of employment and rejections of applications for employment at several New Jersey school districts. El-Hewie alleges that some two dozen known defendants, and others unknown, violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and the equal-access protections of 42 U.S.C. § 1981.

This Court previously dismissed the Complaint against Defendant Commissioner of Education of the State of New Jersey, Defendant Bergen County Vocational School District ("Bergen Vocational"), and the individual defendants who were current and past employees of Bergen Vocational. (ECF No. 16.) The remaining defendants are Defendant Paul Aronsohn, Defendant Ridgewood Board of Education ("Ridgewood"), the individual defendants who are current employees of Ridgewood, Defendant Paterson Public School District ("Patterson"), and the individual defendants who are current and past employees of Patterson.

Now before the Court is Defendant Aronsohn's motion to dismiss the Complaint. For the reasons expressed below, the Complaint will be dismissed in its entirety as against Defendant Aronsohn.

**Factual Background**

The facts of this case were set forth in the Court's prior opinion and need not be repeated in full here. (See ECF No. 16 at 1-4.) For current purposes, the relevant facts alleged in the Complaint and its supporting attachments regarding Defendant Aronsohn can be briefly summarized.

Defendant Aronsohn was (and still is) the Mayor of Ridgewood, New Jersey. (ECF 1-1 at ¶10.) Around November 2007, El-Hewie was hired by Ridgewood to work as substitute teacher. (ECF 1-1 at 50.) Between March 2008 and November 2012, El-Hewie applied for five different positions that had been announced by Ridgewood. Id. Ridgewood did not hire El-Hewie to fill any of these positions.

El-Hewie attributes his failure to obtain a position to a Jewish conspiracy aimed at excluding Muslims and Christians from teaching positions in the Ridgewood public schools. (ECF 1-1 at ¶10.) El-Hewie charges that Defendant Aronsohn "conspired with the board of education of Ridgewood Public Schools to institutionalize racist and religious biased education institution where only members of specific race and religion occupy the highest paying jobs in the school district." Defendant Aronsohn also allegedly conspired with three employees of Ridgewood (named as defendants) to "extricate[e] the schools of Ridgewood Public Schools from the mainstream American tolerance into the racial biased Zionist culture of 'Chosen People of God.'" (ECF 1-1 at ¶13.) The activities of this cabal, he says, "led to the exclusion of plaintiff from temporary and permanent employment." Id.

**Aronsohn's Motion**

Defendant Aronsohn has moved to dismiss El-Hewie's Complaint for failure to state a claim. Although El-Hewie has submitted no papers in response, I will not simply grant the motion as unopposed, but analyze it under the standards of Rule 12(b)(6), Fed. R. Civ. P.

El-Hewie seeks relief under several federal statutes without specifying which causes of action are asserted against particular defendant. The only portion of the Complaint that alleges an injury caused by Defendant Aronsohn claims religious discrimination: i.e., that El-Hewie was "exclu[ded]...from temporary and permanent employment" by Defendant Aronsohn's participation in a conspiracy to exclude non-Jewish persons from teaching positions at Ridgewood schools. (ECF 1-1 at ¶10) Reviewing the statutes cited by El-Hewie, I believe the one most nearly applicable to the allegations against Aronsohn is Title VII of the 1964 Civil Rights Act. I will review the Complaint on that basis.

## LEGAL STANDARDS AND DISCUSSION

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that well-established "reasonable inferences" principle is not undermined by subsequent Supreme Court case law). Where the plaintiff proceeds pro se, the court must "liberally construe[]" the complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). But even "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations must be sufficient to raise a plaintiff's right to relief beyond the merely speculative level to demonstrate that the claim is "plausible on its face." *Id.* at 570; see also *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this "plausibility standard" does not amount to a "probability requirement," it does ask for "more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. El-Hewie's Title VII Claim

Congress enacted Title VII of the Civil Rights Act of 1964 "for the ameliorative purpose of eradicating prohibited forms of discrimination from the workplace." *Martin v. United Way of Erie Cnty.*, 829 F.2d 445, 449 (3d Cir. 1987). To this end, Title VII prohibits employers from segregating the workplace or making hiring decisions based upon an applicant's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a) et seq.; see also

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118-19 (3d Cir. 2013). Accordingly, "[i]n order to state a Title VII claim," the plaintiff "must allege an employment relationship with the defendants." *Covington*, 710 F.3d at 119.

Here, El-Hewie does not allege that he sought employment from Defendant Aronsohn. (ECF 1-1 at ¶1-14.) Although El-Hewie was employed for a time as a substitute teacher in Ridgewood and submitted applications for other teaching positions there, Defendant Aronsohn, in his capacity as Mayor of Ridgewood, never employed El-Hewie or reviewed his applications for those positions.

El-Hewie's claim that Defendant Aronsohn conspired with employees of Ridgewood to violate his statutory rights under Title VII is unavailing. "The Third Circuit requires that a civil rights complaint contain a modicum of specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." *Hauptmann v. Wilentz*, 570 F. Supp. 351, 374-75 (D.N.J. 1983) *aff'd*, 770 F.2d 1070 (3d Cir. 1985) (internal quotations omitted). "A bare claim of conspiracy is not sufficient." *Id.* El-Hewie's complaint simply names the mayor; it fails to allege a single fact suggesting the existence of an agreement to deprive him of his federal rights.

Therefore, even granting the Complaint and attached materials a liberal construction and drawing every inference in Plaintiff's favor, I cannot discern a plausible, factually based claim for relief under Title VII. *See Iqbal*, 556 U.S. at 679. The other statutes cited are, if anything, even farther afield.

## CONCLUSION

For the reasons stated above, Defendant Aronsohn's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. The Complaint is **DISMISSED** in its entirety as to Defendant Aronsohn. An appropriate order follows.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: September 16 2014