UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOHAMED F. EL-HEWIE,** | Civ. No. 13-5820 (KM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **PATERSON PUBLIC SCHOOL DISTRICT, et al.,** | |
| **Defendants.** | |

## MCNULTY, U.S.D.J.,

Plaintiff Mohamed F. El-Hewie, appearing pro se, brought this action following a series of terminations of employment and rejections of applications for employment at several New Jersey school districts. El-Hewie alleges that some two dozen known defendants, and others unknown, violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and the equal-access protections of 42 U.S.C. § 1981.

This Court previously dismissed the complaint against Defendant Commissioner of Education of the State of New Jersey, Defendant Bergen County Vocational School District ("Bergen Vocational") as well as the individual defendants who were current and past employees of Bergen Vocational. (Dkt. Nos. 16–17) This Court also dismissed the complaint against Defendant Paul Aronsohn. (Dkt. Nos. 27–28)

Now before the Court are Defendant Ridgewood Board of Education ("Ridgewood") and the individual defendants who are current employees of Ridgewood (collectively, the "Ridgewood Defendants"), as well as Defendant Paterson Public School District ("Paterson") and the individual defendants who

1

are current and past employees of Paterson (collectively, the "Paterson Defendants"). The Ridgewood and Paterson Defendants have moved to dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Both motions are unopposed. For the reasons expressed below, the complaint will be dismissed in its entirety with prejudice as against the Ridgewood and Paterson Defendants.

### **Factual Background**

The facts of this case were set forth in the Court's prior opinions and need not be repeated in full here. (*See* Dkt. No. 16 p. 1-4; Dkt. No. 28 p. 2) Briefly, the relevant facts alleged in the complaint and its attachments regarding the Ridgewood and Paterson Defendants are as follows:

Around November 2007, El-Hewie was hired by Ridgewood to work as a substitute teacher. (Dkt. No. 1-1 p. 50) Between 2008 and 2012, El-Hewie applied for five teaching positions announced by Ridgewood. (*Id.* at ¶¶ 1, 2) El-Hewie did not receive a response to these applications until he "warned [the manager of human resources] with his violation of the state and federal laws against discrimination." (*Id.* at ¶ 2) El-Hewie was then brought in for an interview, but was not hired. (*Id.* at ¶¶ 3-4) El-Hewie also alleges that certain of his substitute teaching assignments were canceled and that ultimately Ridgewood terminated him in early 2013. (*Id.* at ¶¶ 6, 8-9, 50, 70) El-Hewie claims that these actions were a result of an "institutionalized anti-Christian and anti-Muslim educational culture" whereby numerous Ridgewood Defendants "orchestrated the exclusion of Muslims and Arabs from employment in Ridgewood schools." (*Id.* at ¶¶ 10-14) (El-Hewie does not state, but implies, that he is ethnically an Arab and religiously a Muslim.)

El-Hewie was also employed as a substitute teacher at Paterson. (Dkt. No. 1-1 p. 17) El-Hewie applied for ten teaching positions at Paterson and was granted a number of interviews, but was not hired. (Dkt. No. 1-1 ¶¶ 15-18) El-

Hewie alleges that "outsiders with less experience and education" were hired for two of the positions to which he applied and that he "was denied any chance to be treated equally to other applicants." (*Id.* at ¶¶ 16, 20) In December of 2012, Paterson terminated El-Hewie's substitute teaching position. (*Id.* at ¶ 19)

El-Hewie filed his complaint on September 30, 2013, seeking relief under Title VII, ADEA, Section 1981 and the Rehabilitation Act. The complaint does not specify, however, which causes of action are asserted against any particular defendant. (Dkt. No. 1-1 p. 9-11) Ridgewood Defendants filed an Answer on October 21, 2013 (Dkt. No. 9) and Paterson Defendants filed their Answer on October 23, 2013. (Dkt. No. 11) The other defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Their motions were granted by the Court. (Dkt. Nos. 16, 28)

On June 16, 2014, Magistrate Judge Hammer ordered the parties to submit a joint discovery plan by July 16, 2014. (Dkt. No. 19) That letter order was mailed to El-Hewie at the address listed on the complaint, but was returned as undeliverable. (Dkt. No. 23) Defendants attempted to confer with El-Hewie regarding the joint discovery plan by sending a proposed plan in the mail and calling El-Hewie at the phone number provided on the complaint. El-Hewie did not respond and the defendants were alerted that the phone number was no longer in service. (*See, e.g., Ridgewood Defendants' Mem. In Support of Motion to Dismiss*, Dkt. No. 34 p. 3) The Ridgewood and Paterson Defendants submitted a discovery plan on July 16, 2014, as ordered by the Court, but without El-Hewie's signature, noting that the defendants had "attempted to confer with Plaintiff." (Dkt. No. 21) Thereafter, Judge Hammer issued a pretrial scheduling order setting a deadline for fact discovery of January 28, 2015. (Dkt. No. 22) In September, 2014, the Ridgewood and Paterson Defendants propounded discovery requests, including interrogatories, requests for admission and document requests, upon El-Hewie by e-mail and regular mail. (Dkt. Nos. 25–26) El-Hewie's responses to those discovery requests were due in early October. Having received no response, the Ridgewood and Paterson

3

Defendants wrote to El-Hewie on November 10 and 12, 2014, requesting that he respond to their discovery demands and propound his own initial discovery requests. (Dkt. Nos. 29, 30) In those letters, Defendants warned that if El-Hewie failed to respond to the discovery requests within seven days, they would move to dismiss the action. *Id.* The Ridgewood and Paterson Defendants alerted the Court to "numerous attempts to contact Plaintiff." (Dkt. Nos. 25, 27) On November 18, 2014, Judge Hammer set a telephone status conference for December 5, 2014. (Dkt. No. 31) Once again, the text order was mailed to El-Hewie at the address listed on the complaint, but was returned as undeliverable. (Dkt. No. 32). A telephone status conference was held before Judge Hammer on December 5, 2014, but El-Hewie did not appear.

The Ridgewood and Paterson Defendants have moved to dismiss El-Hewie's complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute and have also moved for judgment on the pleadings under Rule 12(c). El-Hewie has not responded to either motion.

## LEGAL STANDARDS AND DISCUSSION

### A. Rule 41(b)

Federal Rule of Civil Procedure provides, in relevant part, that upon a motion by the defendant, a court may dismiss an action or a claim "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Typically, district courts are required to evaluate the factors set forth by *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), to determine whether dismissal is appropriate. However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary. *See Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (finding that, as opposed to cases in which a plaintiff has encountered problems that must be overcome before continuing with the case, where a plaintiff "willfully refused to prosecute" the case, balancing of the *Poulis* factors is not required); *see also Abulkhair v. New Century Fin. Servs., Inc.*, 467 F.

4

App'x 151, 153 (3d Cir. 2012) (finding balance of *Poulis* factors unnecessary where plaintiff refused to participate in discovery or respond to defendants' motion to dismiss).

Neither the Court nor defense counsel have heard from El-Hewie since the filing of the complaint in September of 2013. El-Hewie never responded to any discovery requests and never opposed any dispositive motions filed by any of the defendants. He failed to appear at a status conference scheduled for December 5, 2014. Attempts to contact El-Hewie have been fruitless. Although El-Hewie provided an address and phone number on the complaint, mail sent to that address has been repeatedly returned as undeliverable and calls to that phone number are met with a recording that the number is no longer in service. At no time has El-Hewie provided the Court or defense counsel with updated contact information. Such inactivity and unresponsiveness demonstrates a refusal to prosecute and a desire to abandon the case.

Strictly speaking, then, a balancing of the *Poulis* factors may be unnecessary. For the sake of completeness, however, I will analyze those factors, which support dismissal.

The factors set forth in *Poulis* include "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868. No single factor is dispositive and not all of the factors need to weigh in favor of dismissal for an action to be dismissed for failure to prosecute. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) and *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

With regard to the first factor – the extent of the party's responsibility – there can be little doubt. As a pro se plaintiff, El-Hewie is solely responsible for

prosecution of his action. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation.").

The second factor, prejudice, weighs in favor of dismissal. El-Hewie's failure to respond to discovery requests and unresponsiveness has deprived the Ridgewood and Paterson Defendants of information and hindered their ability to prepare a trial strategy or move the case forward in any way. *See, e.g., Poulis*, 747 F.2d at 868 (finding prejudice where "interrogatories were never answered nor were objections filed; defense counsel was obliged to file a motion to compel answers" and to file a pre-trial statement before plaintiffs filed theirs); *see also Roman v. City of Reading*, 121 F. App'x 955, 959 (3d Cir. 2005) ("To satisfy this *Poulis* factor, 'prejudice' does not mean 'irremediable harm,' but instead, the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.") (quoting *Ware*, 322 F.3d at 222).

The third factor – history of dilatoriness – can be demonstrated by a pattern of delay. See *Poulis*, 747 F.2d at 868. As noted above, the parties and the Court have not heard from El-Hewie since the filing of his complaint. El-Hewie has not answered or opposed discovery requests, participated in joint scheduling with defense counsel, or appeared for a scheduling conference. The phone number listed on the complaint is no longer in service and mail sent to the address provided on the complaint has been returned as undeliverable. El-Hewie has never updated his contact information with the clerk, as required. *See* Loc. R. 10.1(a).[1] Such unresponsiveness sufficiently demonstrates a history of dilatoriness.

The fourth factor, whether the conduct was willful or in bad faith, requires the Court to consider whether the plaintiff's conduct was "the type of

---

[1] "Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court."

6

willful or contumacious behavior which was characterized as flagrant bad faith." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). Willfulness means "intentional or self-serving behavior." *See id.* Negligent or inadvertent behavior is not sufficient for this factor to weigh in favor of dismissal. *See Briscoe,* 538 F.3d at 262; *Emerson v. Thiel Coll.,* 296 F.3d 184, 191 (3d Cir. 2002) (noting that record of plaintiff repeatedly moving for stays and extensions and failing to comply with court orders supported conclusion that plaintiff's conduct was willful and not merely negligent or inadvertent). El-Hewie has not made defiant statements or engaged in delay tactics. Rather, he has been silent, and that silence is ambiguous. Based on the record in this case, the Court is unable to determine whether El-Hewie's conduct was willful or in bad faith. This factor is therefore neutral.

With regard to the fifth factor, the availability of alternative sanctions, it appears that the imposition of costs or the entry of additional court orders would be fruitless. El-Hewie has not responded in any way to prior orders or to communications from the court and parties. Orders would likely be ignored, and any award of costs would doubtless go unpaid. Although dismissal of an action should be used as a sanction of last resort, where a party's conduct makes adjudication of the case impossible, no lesser sanction would further the interests of justice. *See Guyer v. Beard,* 907 F.2d 1424, 1429 (3d Cir. 1990) (finding dismissal proper where plaintiff refused to obey court order).

Finally, the sixth factor requires an analysis of the meritoriousness of the claim. A claim "will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis,* 747 F.2d at 869-70. El-Hewie's failure to engage in discovery or to respond to motions to dismiss hinders the Court in an analysis of the merits of the claims. Looking ahead, however, I do consider the adequacy of the complaint in connection with the Rule 12(c) motion, *infra,* and I find that it fails to state a claim.

7

On balance, then, the *Poulis* factors weigh in favor of dismissal of El-Hewie's complaint for failure to prosecute the action.

### B. Rule 12(c)

In the alternative, however, I consider the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). Such a motion is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal,* 556 U.S. at 678.

Here, El-Hewie is appearing *pro se.* "Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney,* 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Gibbs v. Roman,* 116 F.3d 83, 86 n. 6 (3d Cir. 1997). I have construed this *pro se* litigant's pleadings and filings in that liberal spirit.

### a. Title VII and ADEA

The complaint cites Title VII of the Civil Rights Act of 1964 and the ADEA. It fails, however, to state a cause of action under either.

Title VII prohibits, among other things, discrimination based on race, color, religion, sex, or national origin in any employer's hiring or firing decisions, and also prohibits segregation and discrimination in the workplace. 42 U.S.C. § 2000e-2(a) et seq. For its part, the ADEA makes it unlawful for an employer to fire or refuse to hire someone on the basis of his or her age. 29 U.S.C. § 623(a). The standard for setting forth a prima facie case of discrimination in employment under either Title VII or the ADEA is the same: A plaintiff must show: (1) he[2] belonged to a protected class, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) others not in the protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 n. 6 (3d Cir. 2003) ("The requirements for a prima facie case of Title VII race discrimination and age discrimination under the ADEA are substantially the same" except that the protected class for ADEA purposes comprises persons

---

[2]  I will use the pronoun corresponding to the plaintiff's actual gender, even when referring to a generic plaintiff.

9

forty years of age or older). To establish a prima facie case, the plaintiff must demonstrate (here, allege) some causal nexus between his membership in a protected class and the alleged discriminatory action. *See id.* at 798.

Here, El-Hewie has failed to allege any facts that would raise an inference of discriminatory animus on the part of the Ridgewood or Paterson Defendants. The only factual allegations are that El-Hewie applied for permanent teaching positions, but was not hired, and that his substitute teaching positions were terminated. El-Hewie asserts that these adverse employment actions were based on racial discrimination, but those allegations are conclusory, not factual. The complaint is devoid of any facts suggesting a causal connection between El-Hewie's race, religion, or age, and the alleged discriminatory actions. See *Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009) (finding complaint of plaintiff, who was Egyptian of Arab descent, contained no allegations to support an inference that plaintiff's termination was on the basis of national origin). The mere fact that El-Hewie is (I infer) of Arab origin is not enough to raise an inference that adverse employment actions were motivated by discrimination. El-Hewie's allegations fail to meet minimal standards of pleading. Thus, I find that El-Hewie has failed to state a claim under Title VII.

Likewise, the complaint contains no facts tending to suggest that El-Hewie was discriminated against on the basis of his age. Therefore, I find that El-Hewie has failed to state a claim under the ADEA.

### b. **Section 1981**

"In order to state a claim under §1981, a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on basis of race by the defendant; and (3) discrimination concerned one or more of the activities enumerated in the

statute, which includes the right to make and enforce contracts." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

El-Hewie has failed to allege that the Paterson Defendants or Ridgewood Defendants intended to discriminate against him on the basis of race. Indeed, the allegations against the Paterson Defendants say nothing relating to race. (Dkt. No. 1-1 ¶¶ 15-21) In the allegations against the Ridgewood Defendants, El-Hewie contends that certain individuals at Ridgewood ""would have a morbid bias against Muslim job applicant[s]" (*id.* at ¶7), "orchestrated the exclusion of Muslims and Arabs from employment in Ridgewood schools" (*id.* at ¶11), and "institutionalized anti-Christian and anti-Muslim educational culture" and "extricate[ed] the schools of Ridgewood Public Schools from the mainstream American tradition of tolerance into the racial biased Zionist culture of 'Chosen People of God'" (*id.* at ¶13). These allegations are sweeping generalizations and legal conclusions, rather than factual allegations, which do not give rise to an inference of an intent to discriminate. Thus, even construing El-Hewie's complaint in the most favorable light, the allegations fail to state a claim for relief under Section 1981.

### c. Rehabilitation Act

The Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., prohibits federal employers and employers who receive federal funding from discriminating against persons with disabilities in matters of hiring, placement or advancement. *See Shiring v. Runyon*, 90 F.3d 827, 830-31 (3d Cir. 1996). An essential element of a claim under the Rehabilitation Act is an allegation that the plaintiff is disabled. *See id.* at 831. El-Hewie's complaint makes no such allegation, and the facts do not suggest one. Thus, I find that El-Hewie has failed to state a claim under the Rehabilitation Act.

**CONCLUSION**

For the reasons stated above, the Ridgewood and Paterson Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 41(b) is

**GRANTED**, and their motion in the alternative for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is likewise **GRANTED**. The complaint is **DISMISSED** in its entirety as to the Ridgewood and Paterson Defendants. Because the plaintiff's complaint is being dismissed, in part, for failure to prosecute, amendment would be futile, so this dismissal is with prejudice.

An appropriate order follows. In combination with my previous orders dismissing the complaint as against other defendants (Docket nos. 16–17, 27–28), this order will dispose of all claims as to all parties.

                                                    **KEVIN MCNULTY, U.S.D.J.**

Date: September 10, 2015